TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0510-KB

IN RE: JON RHYAN FRITZ

IN SUPREME COURT

### OPINION AND ORDER

Jon Rhyan Fritz ("Fritz"), Kentucky Bar Association ("KBA") Number 87483, was admitted to the practice of law in the Commonwealth on October 16, 1998. His bar roster address is listed as 205 Trader Lane, Providence, Kentucky 42450.

Pursuant to Supreme Court Rule ("SCR") 3.167(1), the Office of Bar Counsel ("OBC") has moved this Court to enter an order indefinitely suspending Fritz from the practice of law in the Commonwealth of Kentucky. The OBC asserts that Fritz has failed to file an Answer to a Charge as required by SCR 3.164. For the following reasons, we grant the OBC's motion.

The Charge at issue arises out of a Bar Complaint filed against Fritz concerning his representation of client Vera Williams in a potential wrongful termination claim against her employer, House of Bread and Peace ("HBP"). On October 6, 2022, HBP terminated Williams. Williams thereafter filed an unemployment claim with the Indiana Department of Workforce Development,

which determined she was not fired for cause. Williams sought to pursue a wrongful termination claim against HBP and retained Fritz as her attorney in the matter.

Williams borrowed $3,500 from her brother to pay Fritz's "flat fee." Fritz deposited the funds into his general business account without a written advance fee agreement. He did not provide any billing statements or memoranda to Williams explaining how he was earning the fee.

The Equal Employment Opportunity Commission ("EEOC") initiated an investigation in Williams's case. The record indicates that Fritz filed a rebuttal to HBP's Statement of Position, but it is unclear whether Fritz completed any other work in the case. Ultimately, on July 30, 2023, the EEOC issued a determination declining to further investigate Williams's case and notified her of the ninety-day statute of limitations to file a federal lawsuit.

On August 3, 2023, Williams emailed Fritz asking him to explain the EEOC's determination and discuss next steps. Fritz did not respond, and on August 17, 2023, Williams emailed him again. Fritz sent an email addressing Williams's concerns to his secretary but forgot to include Williams on the email.

On August 31, 2023, Williams emailed Fritz informing him of her desire to go through with the lawsuit against HBP. Fritz again did not respond. On September 26, 2023, Williams informed Fritz's secretary that he was not responding to her emails, and that she was unsure if Fritz was even still representing her.

2

Williams requested an in-person meeting with Fritz, and he eventually scheduled a meeting with her for October 2, 2023. However, Fritz then cancelled the meeting on the morning it was supposed to take place and rescheduled it for October 4, 2023. Fritz again cancelled the morning of the meeting and rescheduled it for October 24, 2023. The morning of the meeting, Fritz changed it from an in-person meeting to a phone call. It is unclear whether that phone call ever took place. This scheduled meeting was only three days before the expiration of the ninety-day statute of limitations to file suit against HBP.

No suit was ever filed against HBP. On November 12, 2023, Williams emailed Fritz requesting an explanation of the services he provided and a refund of his unearned fees, but Fritz did not respond.

Williams filed a Bar Complaint against Fritz. The OBC preliminarily opened the matter for informal resolution and emailed Fritz a copy of the Complaint on February 16, 2024. In addition to emailing the Complaint to Fritz, the OBC also requested answers to several questions regarding Williams's allegations. In response to a question regarding the flat fee he charged Williams, Fritz stated:

> I deposited the fee into my account. I also told Ms. Williams that, even though the EEOC claim went south, at her request, I would assist her in setting up her own business for no additional charge. While I am not sure why, Ms. Williams agreed, at first, but then sent me a scathing email attacking me personally, to which I did not respond. I haven't heard from Ms. Williams since then.

Furthermore, regarding an inquiry concerning his failure to file suit against HBP on behalf of Williams, Fritz claimed that Williams had agreed with his

3

professional judgment not to file suit against her former employer. However, Williams provided the OBC with an email she had sent to Fritz in which she stated that while she respected Fritz's opinion, she still wanted to go forward with the lawsuit. Fritz did not refute Williams's evidence.

On March 7, 2024, the OBC opened the Complaint for a formal response. On April 1, 2024, the OBC served the Complaint on Fritz through certified mail. On April 18, 2024, Fritz filed a timely response. On June 21, 2024, the OBC sent Fritz a letter informing him that it required a copy of Williams's client file by July 1, 2024. The letter advised Fritz that he was required to comply pursuant to SCR 3.130(8.1)(b)[1]. This letter was sent to the same address where service of the formal Complaint had been successfully delivered. Fritz did not respond, and the OBC has since received no further communication from Fritz.

On July 9, 2024, the Inquiry Commission charged Fritz with violating SCR 3.130(1.2)(a) (scope of representation), SCR 3.130(1.3) (diligence), SCR 3.130(1.4)(a) (communication), SCR 3.130(1.5)(f) (fees), SCR 3.130(1.15)(e) (safekeeping property), SCR 3.130(1.16)(d) (termination), SCR 3.130(8.1)(a), and (8.1)(b) (disciplinary matters). On July 17, 2024, a certified letter containing a

---

[1] SCR 3.130(8.1)(b) provides:
> An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
> . . .
> (b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

copy of the Charge against Fritz was mailed to his Bar roster address, but the letter was returned marked "UNABLE TO FORWARD." A second letter was mailed to an alternate address where Fritz was believed to have an office. On September 4, 2024, the OBC enlisted the Henderson County Sheriff's Office to attempt service at the alternate address. However, when service was attempted at the address, the law office occupying the office informed the Sheriff's Office that Fritz no longer rented space from them.

Due to Fritz's failure to comply with SCR 3.035(1) and keep the KBA informed of an address at which he could be "communicated with by mail," Fritz had to be constructively served via the KBA Executive Director on September 30, 2024, pursuant to SCR 3.035(2). SCR 3.035(2) permits appointment of the KBA Executive Director as the member's agent for service of process after "reasonable efforts have been made to achieve actual service of the document upon the member[.]" The OBC clearly met this requirement when it attempted to serve Fritz by mail at his various addresses and enlisted the Sheriff's Office to attempt service at that alternate address. Furthermore, the record also reflects that the KBA Executive Director fully complied with the procedural requirements of SCR 3.035(2)(b) through (d).

The OBC now moves this Court for an order indefinitely suspending Fritz from the practice of law in the Commonwealth of Kentucky. On November 26, 2024, as a result of the OBC's motion, Fritz was ordered to show cause as to why he should not be indefinitely suspended. Notification of this order was returned and marked "UNABLE TO FORWARD." Fritz did not respond.

5

In addition to the above facts, the OBC also represents that it has not received any written release signed by Fritz authorizing disclosure by KYLAP, as required by SCR 3.990(1), regarding any communications he may have had with them. As a result, we are left with many questions concerning Fritz's behavior and circumstances.

While Fritz has no prior disciplinary history, SCR 3.167(1) provides that this Court may, in its discretion, indefinitely suspend a respondent who fails to answer a Charge or participate in the disciplinary process. An indefinite suspension is a reasonable and necessary measure to protect the integrity of the disciplinary process and of this Court. The OBC has demonstrated that Fritz was served with appropriate notice of the Charge, and that Fritz failed to answer or otherwise participate in the disciplinary process. This Court cannot identify any factors that weigh against exercising its discretion to indefinitely suspend Fritz.

Fritz's decision not to participate in his disciplinary proceeding leaves us with no choice but to grant the OBC's motion and indefinitely suspend Fritz from the practice of law in the Commonwealth of Kentucky.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Respondent, Jon Rhyan Fritz, is indefinitely suspended from the practice of law in the Commonwealth of Kentucky, pursuant to SCR 3.167;

2. As required by SCR 3.390(2), Fritz will, within twenty (20) days after the issuance of this order of suspension, notify by letter duly placed with the United States Postal Service, all courts or other tribunals in which he

6

has matters pending of his suspension. Further, he will inform by mail all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Fritz shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Fritz shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension; and

3. As stated in SCR 3.390(1), this order shall take effect on the twentieth day following its entry. Fritz is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not during the term of suspension accept new clients or collect unearned fees and shall comply with the provisions of SCR 3.130(7.50)(5).

All sitting. All concur.

ENTERED: February 20, 2025.

_____
CHIEF JUSTICE

7